## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
|  |  |
|---|---|
|  | :  **Civil Action No 17-5736-PD** |
| UNITED STATES OF AMERICA, | : |
| *ex rel.* | : |
| JANE DOE, | : |
|  | : |
| v. | : |
|  | : |
| CENTER FOR VEIN RESTORATION | : |
| (MD), LLC and SANJIV LAKHANPAL, | : |
| M.D. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### RELATOR'S NOTICE OF SUPPLEMENTAL AUTHORITY
### IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Relator Jane Doe ("Relator"), by and through her undersigned counsel, files this Notice of Supplemental Authority to inform this Court of a recent, precedential ruling in favor of denying Defendants' pending Motion to Dismiss [ECF No. 41].

On September 17, 2019, the United States Court of Appeals for the Third Circuit decided *United States ex rel. Bookwalter v. UPMC*, No. 18-1693, __ F.3d __, 2019 WL 4437732 (3d Cir. Sept. 17, 2019), which is attached hereto as Exhibit A.  In *Bookwalter*, the Third Circuit revived three whistleblowers' claims that the University of Pittsburgh Medical Center violated the Stark Act and the False Claims Act, ruling, among other things, that the pay structure of certain providers at UPMC allegedly incentivized them to conduct extra procedures that would require more hospital services to be billed to Medicare.  *See id.* at 8, *passim*.  In reviewing Rule 9(b)'s particularity requirement, the Third Circuit held that:

> Rule 9(b) does not require the relators to plead anything more, such as the date, time, place, or content of every single allegedly false Medicare claim. The falsity here comes not from a particular misrepresentation, but from a set of circumstances that, if true, makes a whole set of claims at least prima facie false

*Id.* at 36-37.

The Third Circuit reversed the dismissal of the case and remanded it to the U.S. District Court for the Western District of Pennsylvania for further proceedings, stating the whistleblowers had pled their case well enough to move ahead. *See id.*at 40. The Third Circuit held

> With all this smoke, a fire is plausible. So this case deserves to go to discovery. Once the discovery is in, it may turn out that there is no fire. We do not prejudge the merits. But this is exactly the kind of situation on which the Stark and False Claims Acts seek to shed light.

*Id.* at 40.

Further pertinent to the present matter, the Third Circuit stated that the concern that a "liberal" pleading standard may open "the floodgates of litigation" is "overstated" because *qui tam* actions "face hurdles even before they reach a motion to dismiss." *Id.* at 39.  That is because the government can dismiss a relator's action even if the relator objects under 31 U.S.C. §3730(c)(2)(A), and DOJ recently "took a more aggressive approach to dismissing *qui tam* actions, urging its lawyers to consider dismissal every time the government decides not to intervene." *Id.*  The Third Circuit noted that other federal circuit courts "defer a great deal to the Justice Department" regarding decisions not to dismiss, and that that "deference gives the government plenty of room to make good on its stated intention to scrutinize and dismiss more *qui tam* actions than in the past." *Id.* at 40.

Here, the Government has not only declined to dismiss Relator's action, *but continues to investigate*.  There is smoke here.  Both the Government and Relator should be allowed to proceed.

Respectfully submitted,

**ROSS FELLER CASEY, LLP**

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr.
Scott S. Berger, Jr.
One Liberty Place
1650 Market Street, Suite 3450
Philadelphia, PA  19103
Tel.: (215) 574-2000
Fax: (215) 574-3080
bmccormick@rossfellercasey.com

Dated: September 23, 2019                    ***Attorneys for Plaintiffs***